IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNSON CHRISTOPHER JAMERSON,
Inmate No. 453581,
    Plaintiff,

vs.   Case No.: 3:19cv522/LAC/EMT

WALKER CLEMMONS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the Florida Department of Corrections proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has not paid the filing fee but has filed a motion to proceed in forma pauperis (ECF No. 6).

The court takes judicial notice that there are at least three cases previously filed by Plaintiff in the United States District Courts that have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In fact, Plaintiff's status as a prisoner with "three strikes" has been determined in another civil rights complaint he previously filed in this district, Jamerson v. Jones, Case No. 3:18cv1558/LAC/CJK (N.D. Fla. Aug. 22, 2018) (*see* ECF No. 5, citing Jamerson v. Sec'y, Dep't of Corr., Case No. 6:16cv1283, 2016 WL 10649208 (M.D. Fla. July 25, 2016) (dismissing Plaintiff's prisoner civil rights action for failure to state a claim on which relief may be granted), *aff'd*, 698 F. App'x 581 (11th Cir. 2017); Jamerson v. Sec'y, Dep't of Corr., Case No.1:16cv23973 (S.D. Fla. Dec. 14, 2016) (dismissing Plaintiff's prisoner civil rights action as frivolous and for failure to state a claim); Jamerson v. Sec'y, Fla. Dep't of Corr., Case No. 16-15937-E (11th Cir. Apr. 5, 2017) (dismissing as frivolous Plaintiff's appeal from an order dismissing his prisoner civil rights action for failure to comply with a court order); Jamerson v. Tomoka Corr. Inst., 17-10435-D (11th Cir. June 27, 2017) (same)). The foregoing cases may be positively identified as having been filed by Plaintiff, because they bear his name and Florida Department of Corrections Inmate Number, 453581. All of the dismissals were entered prior to Plaintiff filing this lawsuit. Thus, Plaintiff's status as a "three striker" is clearly established.

A prisoner with three strikes is precluded from proceeding in forma pauperis in a civil action unless it can be shown that he meets the "imminent injury" exception that is provided in Section 1915(g). For this exception to be met, the court must be able to determine from the complaint that the Plaintiff is under imminent danger of serious physical injury. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). In so doing, the court must construe the complaint liberally and accept its allegations as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). However, general allegations that are not grounded in specific facts to indicate that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception is not triggered where threat of assault by other

prisoners ceased to exist when plaintiff was placed in administrative confinement prior to the filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff's complaint does not show that he is under imminent danger of serious physical injury. First, he complains of being denied the opportunity to shower, shave, or cut his hair (ECF No. 1 at 8–14). After filing grievances related to these denials, Plaintiff claims that the Defendants retaliated against him by throwing his personal propery on the floor, subjecting him to disciplinary actions that were predicated on false accusations, and subjecting him to "strip" classification on numerous occassions which required all of Plaintiff's property, with the exception of his boxers, to be removed from his cell (*id.*). Plaintiff also claims that Defendants used excessive force on one occasion in late January 2019 (two months before Plaintiff initiated the instant action), during which he sustained bruising and swelling on his face, "numbness" in his toes, and "cuts" to his body (*id.*).

He also complains about the medical care he recieved after the alleged beating and contends that Defendants stole his hygiene items and a new pair of Reebok tennis shoes (*id*.). Finally, Plaintiff asserts that during his "strip" classification he was unable to respond to pending litigation and thus, that Defendants interfered with his right to access the courts (*id*.).

As can be seen, the bulk of Plaintiff's allegations concern events that involve no physical injury at all, much less serious physical injury. Although Plaintiff has also included an allegation regarding an excessive use of force, this incident occurred two months before Plaintiff filed this case. As discussed above, a claim by a prisoner that he faced a *past* imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Therefore, the exception does not apply in this case.

Because Plaintiff is subject to section 1915(g), he is not eligible to proceed in forma pauperis. Because Plaintiff did not pay the $400.00 filing fee at the time he initiated this civil rights action, this case should be dismissed. Leave should not be provided to allow him to pay the fee. Rather, because a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee *at the time he initiates the suit*, his failure to do so warrants dismissal without prejudice. <u>Dupree v. Palmer</u>, 284

F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Dismissal without prejudice would permit the initiation of a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 29th day of April 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**